### THOMAS L. MARTIN *v.* FRANKLIN CUTHBERTSON.

If a horse be hired, or borrowed, to be ridden to a particular place and returned at a particular time, if he be ridden to another place and kept beyond the time, the bailee is responsible for any injury to the horse which results from his departure from the contract ; without regard to any question of negligence.

(*Bell* v. *Bowen*, 1 Jon. 316, cited and approved.)

ACTION, tried before *Logan, J.*, at Fall Term 1869 of CABARRUS Court.

The action was brought for damages, for the loss of a horse, which had been lent by the plaintiff to the defendant, to ride to one Cline's and return the next day—but which was ridden a mile and a half further than Cline's, and in a different direction, and which died during its absence, on the third day after leaving home. It was admitted that the death of the animal occurred from no neglect by the defendant.

The Court instructed the jury that the defendant was bound to use extraordinary care and if he did not, was liable for damages, &c.

Verdict for the plaintiff, &c. Appeal by the defendant.

*Wilson*, for the appellant.
*Montgomery, contra.*

READE, J. Where there is a bailment, as in the case of borrowing or hiring a horse for a specific purpose, as to go to a certain place, or for a certain time, and there is any material departure from the terms of the bailment, the bailee becomes a wrong-doer, and is liable for any injury which results from the departure, without regard to the question of negligence.

In the case under consideration, the horse was borrowed, or hired, to go to a certain place, to be returned at a certain time : he was ridden to another place, and died on the trip. It was admitted that there was no negligence,—that is, as

we understand it, no miss-treatment, but that makes no difference.

And *non constat* that the horse would have died but for the departure from terms of the bailment. His Honor's instruction, that the defendant was liable unless he took extraordinary care, was more favorable for the defendant than the law allows, and therefore he cannot complain. He was liable even if he did take extraordinary care: *Bell* v. *Bowen*, 1 Jon. 316; Redfield on Bailment, Sec. 650.

There is no error.

PER CURIAM.                              Judgment affirmed.