CULLEN v. LORD.

1. **Bailment**: LETTING FOR HIRE: CONTRACT. In the absence of an agreement to the contrary, the law implies a contract to pay a reasonable sum for the use of a thing loaned.

2. ———: DISREGARD OF INSTRUCTIONS. A disregard of instructions as to the manner of use of the thing loaned will only render liable a bailee for hire when the loss was occasioned thereby. In the case of a *commodatum*, it renders the bailee liable absolutely.

*Appeal from Palo Alto Circuit Court.*

THURSDAY, SEPTEMBER 24.

THE petition alleges that on the 27th of May, 1871, plaintiff loaned to defendant a horse, upon condition that he would take good care of him and return him in good condition by the 30th day of May, 1871. That defendant over-drove the horse, and he died of the effects of said over-drive and ill treatment. Plaintiff claims one hundred and forty dollars, and asks a writ of attachment.

The answer denies specifically the alleged over-driving and ill treatment.

By way of cross-demand defendant claims $100 for the alleged wrongful sueing out of the attachment, the wrongful act consisting in not presenting the petition for an allowance of the amount in value of the property to be attached. Jury trial. Verdict and judgment for plaintiff. Defendant appeals.

*Geo. E. Clark*, for appellant.

*T. W. Harrison*, for appellee.

DAY, J.—I. The court, upon its own motion, instructed the jury as follows:

"2. If you find that defendant was not expected, or did not expect, to pay for the use of the horse, but took the same as a favor by a friend, then he is held to the greatest possible care and discretion in the use and treatment of the horse."

"6. The jury must, from the evidence, find whether the

defendant, Lord, took the plaintiff's horse as that of a friend, for the use of which he was not to pay, or whether there was an agreement, expressed or implied, that he was to pay for the use of the same, and if he was to pay for its use, then the great degree of caution on his part will not be required that would be if no pay were required or expected."

At the instance of defendant, the court instructed as follows: "A mere nominal consideration is not sufficient to make a loan for use a contract for hire, and, in order to constitute a contract for hire, and thus relieve the borrower from using great diligence in regard to the thing loaned, there must have been some positive, substantial consideration agreed upon between the parties for the use of the thing loaned." The idea which pervades these instructions, expressed with varied degrees of intensity, is, that the contract in question created a mere *commodatum* unless there was a consideration agreed upon for the use of the horse. The true rule is that in the absence of agreement to the contrary, the law implies a contract to pay the reasonable value of the use of the horse.

*1. BAILMENT: letting for hire: contract.*

It is true that, in the sixth instruction, the jury are told they must inquire whether there was an agreement, expressed or implied, to pay for the use of the horse. But, in the absence of contract to the contrary, there is such implied agreement as matter of law, and the jury should have been so directed. The instruction as given was calculated to confuse and mislead. See Story on Bailments, 7th edition, § 391 b, and authorities cited.

II. There was evidence tending to show that plaintiff gave defendant certain instructions and directions respecting the time of starting and the manner of caring for the horse.

Respecting this the court instructed as follows:

" If the jury find from the evidence that the defendant did not take the horse in question and start for Springvale according to instructions given at the time the horse was loaned, but that plaintiff was present and knew of defendant starting at a later day or hour, and made no objections, then the defendant would be excused from liability for not starting at the

time originally agreed upon, but the jury must find that the plaintiff was actually present and could have objected without going out of his way, or the defendant will not be excused from his instructions."

The idea conveyed by this instruction is, that if plaintiff gave instructions and did not afterward, by his conduct, waive

2. ——: disregard of instructions. the same, and defendant did not follow them, he is liable, without inquiry as to whether the injury resulted from a failure to obey instructions or from some other cause.

In a case of mere gratuitous loaning this may be the rule. See 2 Parsons on Contracts, fifth edition, No. v. But in this instruction the doctrine is not limited to the case of a *commodatum* but it is declared in general terms as equally applicable to a letting for reward. This instruction is also, we think, erroneous.

REVERSED.