Filed Feb. 5, 1895.

———◆———

No. 1,426.

LINE ET AL. *v.* MILLS.

BAILMENT.—*Hire.*—*Degree of Care.*—*Special Contract.*—*Bailed Property Stolen.*—*Liability of Bailee.*—If a person hire a horse and buggy to drive to a certain place, and agrees to put the horse and buggy in a livery stable and have the same kept there during his stay, but in violation of such agreement hitches the horse, with the buggy attached thereto, to a public hitching rack, and the horse and buggy are stolen, the bailee is liable in damages.

Line *et al. v.* Mills.

SAME.—*Negligence of Bailee.—Proximate Cause.—Care.—Special Contract.*—The violation of the degree of care established by the special contract to put the team in a livery stable was negligence, and the loss of the property was the proximate result of that negligence.

SAME.—*Degree of Care.—Special Contract.*—If, in a bailment, there is a special contract providing what degree of care the bailee shall exercise over the property, the bailee is required to use such care as the contract prescribes.

DEMAND.—*When Not Necessary.*—It is unnecessary to make a demand when it could avail nothing, as where the plaintiff counts upon the loss of property through defendant's negligence.

From the Huntington Circuit Court.

*J. C. Branyan, J. F. France* and *J. S. Branyan,* for appellants.

*B. M. Cobb,* for appellee.

REINHARD, J.—Action by the appellee against the appellants on a complaint in two paragraphs. In the first paragraph it was averred that the appellee is the owner of one horse and buggy, one set of harness, one whip and one lap robe, all of the value of $250; that on the 14th day of August, 1893, the appellee hired to the appellants said rig for the price of $2, to be used by them and returned on the same day, and that appellants have failed, refused and neglected to return the same, but have converted said property to their own use.

In the second paragraph the same ownership, value and letting of the same property are alleged, and it is further averred that the property was hired to the appellants to be used by them in going to the city of Huntington and return from the town of Andrews on the day named in the first paragraph; that appellants agreed to put the horse and buggy in a livery stable at Huntington, to remain until they should wish to return to Andrews; that in violation of such agreement the appellants failed and neglected to put up the rig in said stable, or in any stable or barn in Huntington, and that

by reason of such carelessness and negligence, and in violation of their contract, the said property was lost or stolen, and has never been found or recovered, and that appellants failed to return said property or notify the appellee of said loss, or in any way account for their not returning the same, nor have they offered to pay for the same. Whereby appellee has been damaged $275, for which he demands judgment.

Upon issues joined, the cause was submitted for trial to a jury, who, upon request of the parties, returned a special verdict.

The appellants moved for judgment upon the verdict, which motion the court overruled and rendered judgment in favor of the appellee. Proper exceptions were saved to the rulings of the court.

The special verdict sustains the second paragraph of the complaint.

The jury find that the appellants, on the evening of the 14th day of August, 1893, hired of the appellee the property described in each paragraph of the complaint, at the town of Andrews, in Huntington county, Indiana, at the price of $1, to drive to the city of Huntington, in said county, a distance of six miles; that they were to put said rig in the livery barn at Huntington during their stay in said city, and were to return said property to appellee's barn that night, after their use of it; that appellants, in company with another person named, came to the city of Huntington with said rig, reaching said city at about 8:30 o'clock P. M., and there they hitched said horse, with the buggy attached thereto, to a public hitching rack on the north side of the public square, where many other rigs were hitched, and at a place where the electric light shone brightly and many people were upon and along the street where said rig was hitched; that appellants left said horse at said place and

did not return there until about 9:30 o'clock P. M. of
said evening, when they discovered that said horse,
harness, buggy, whip and lap robe were gone; that the
appellants have not, nor has either of them, nor the per-
son with them, nor the appellee, ever been able to find
any of said property; that the same was stolen from the
rack by some one to the jury unknown; that the value
of said property is $100; that appellants thereupon in-
formed appellee of the disappearance of said property,
and gave him all the information they had as to what
had become of it; that they urged appellee to have bills
printed and circulated describing said property, so that
its whereabouts might be discovered; that one of appel-
lants searched all the livery stables in the city of Hunt-
ington for it without avail; that appellee refused to ad-
vertise for said property; that appellee made no demand
on appellants, or either of them, for the payment of said
rig and property before the commencement of this suit,
or for the property itself, and that he accepted payment
of appellant Line for the livery hire after he knew the
property had been stolen.

The appellants' counsel urge but two reasons for their
position that the court erred in rendering judgment in
favor of the appellee upon the special verdict, viz:

1. Because said verdict shows upon its face that no
demand was made for the property or its value before
suit.

2. Because said verdict does not show such negligence
on the part of the appellants as would make them liable.

The relation which the parties sustained to each other
was that of bailor and bailee. The appellants hired of
the appellee, for the price of $1, the livery rig which
they agreed to return the same night. They also agreed
to put up the rig at a livery barn during their stay at

Huntington. This they failed to do. They were, therefore, guilty of negligence.

Where, in bailment, there is a special contract providing what degree of care the bailee shall exercise over the property, of course the latter is required to use such care as the contract prescribes. Otherwise, and independently of any contract, the law imposes certain duties upon the bailee with reference to the care to be exercised by him over the property bailed. In the absence of a special contract, the degree of care required will depend upon the particular circumstances of each case.

In the present case, as we have seen from the special verdict, the agreement of the appellants required them to put the property in a livery stable. This agreement may have been, and probably was, in anticipation of just such an occurrence as the stealing of, or an injury to, the property, and to avoid the same. It may, therefore, be said, we think, that the disappearance of the property was the proximate result of the appellants' failure to exercise that care over the property which they had agreed to exercise.

In the case of *Lilley* v. *Doubleday*, 7 Q. B. Div. 510, the defendants had contracted to warehouse goods in a particular warehouse; instead of so doing, however, they stored them in another place, where they were destroyed by inevitable casualty. It was held that the defendants were liable on their contract for the value of the goods.

Nor do we think a demand was necessary before suit. As a general rule, when a demand could avail nothing it is not necessary. The appellants could not have returned the property had a demand been made upon them. Their negligence in failing to care for the rig as they had agreed, and the consequent loss of the property placed them in the wrong. This was the theory of the second paragraph of the complaint. Had there been a demand

and failure to return, perhaps no other proof would have been necessary to place the appellants in the wrong, and the burden would have been upon them to account for the property. As the appellee counted upon the loss of the property through appellants' negligence no demand was necessary, although the burden was upon the appellants to establish the loss as alleged. Story Bailm. section 278.

Judgment affirmed.

Filed Feb. 7 1895.