GORMAN v. PARK & TILFORD.

'Circuit Court of Appeals, Second Circuit. March 14, 1900.)

No. 105.

1. CHATTEL MORTGAGES—VALIDITY—AGREEMENT OUTSIDE OF INSTRUMENT.

Where a chattel mortgage covering, among other things, a stock of merchandise, contained no provision permitting the mortgagor to continue selling from such stock and to devote the proceeds to his own use, whether such an agreement is to be inferred from the circumstances and the facts shown is a question of fact for the jury.

2. EVIDENCE OF VALUE—OPINION OF NONEXPERT.

A restaurant keeper may properly be permitted to testify as to the value of the articles of common use in his restaurant, in an action for their conversion, although not an expert as to such values.

In Error to the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon a writ of error to review a judgment of the circuit court, Southern district of New York, entered upon the verdict of a jury for $2,000 in favor of defendant in error, who was plaintiff below. On April 21, 1892, one Brizzolari executed a chattel mortgage to Park & Tilford, the plaintiff below, upon certain personal property then in his possession, at 452 Columbus avenue, New York. The mortgage referred to a schedule annexed, which enumerated "two gray horses; one brown horse; three covered wagons; three sets harness; one Hall safe; seventy-five tables; five hundred chairs; about one hundred dozen dishes; about one hundred pieces of table silver, including knives, forks, and spoons; four counters; four show cases; one cooking range; lot of cooking utensils; one ice box; lot of gas fixtures; all other furniture and all other stock of groceries, wines, liquors, and cigars; all table linen; lease on store and other floors of No. 452 Columbus avenue, running to 1896; and all book accounts now due." The mortgage was given to secure $4,000 owing to plaintiff for merchandise which Brizzolari had purchased from it, and was duly filed. Subsequently, and prior to July 8, 1892, a levy was made upon all the mortgagor's property, including the property described in the mortgage, by Gorman, sheriff of the county of New York, upon an execution issued upon a judgment rendered against Brizzolari in favor of one Denhard. On July 8, 1892, the sheriff sold out the property upon that execution. The present action was brought to recover from the personal representative of the sheriff (since deceased) the value of the property thus sold, which was included in the mortgage to Park & Tilford, to the extent that such mortgage was unpaid, Brizzolari having repaid one-half of his indebtedness, $2,000.

A. C. Shenstone, for plaintiff in error.
Henry B. Corey, for defendant in error.

Before LACOMBE and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge (after stating the facts as above). The first contention of the plaintiff in error is that the chattel mortgage was void as against creditors of the mortgagor, and could not pass any title to the mortgagee, because such mortgage was made to cover "all stock of groceries, wines, liquors, and cigars," and because there was an understanding or agreement between mortgagor and mortgagee that the mortgagor was to continue selling such stock in the course of his business, and to apply the proceeds to his own purposes. Such an agreement would, of course, make the mortgage void as against creditors; but where, as in this case, such an agreement is to be spelled out by ascertaining what was the intent of the parties not expressed in the instrument, the ascertainment of such intent is a question of fact. That question the court left to the jury, and the real contention of plaintiff in error is that there was no conflict of evidence, nor of inference, and that therefore the court should have instructed the jury that there was a fraudulent intent to make such an agreement. The mortgage itself contained no agreement of the kind, and Ward, the person who acted for the plaintiff, expressly testified there was no agreement or understanding between plaintiff and Brizzolari that he was to be permitted to sell any of the mortgaged property while he was in possession, and that nothing was ever said about it at any time between witness and Brizzolari. The latter was not asked the specific question. In view of this evidence, it was clearly a question for the jury to determine whether, from the fact of such subsequent selling with the knowledge of the plaintiff, and from the admission of Ward that he supposed the mortgagee would continue selling and replenishing, the making of such an agreement was to be inferred, especially in view of the further fact that subsequent to the filing of the mortgage, and before levy, Brizzolari paid on account of the mortgage more than he received from the sale of "wines, groceries, and cigars."

Defendant further contends that the burden of proof as to absence of fraudulent intent rested upon plaintiff. Inasmuch as there was no request to instruct the jury as to the burden of proof, and no exception to the charge in that particular, the question is not before this court.

There are several exceptions to the admission of testimony, and one to the refusal to direct a verdict, which raise the only other question that has been argued here. The property covered by the mortgage was apparently much in excess of $2,000, remaining due upon the mortgage. In order to prove its value, the only witness called was Brizzolari himself, whose business was that of a restaurant keeper. He was not an expert qualified to speak with any degree of exactness as to the value of tables, chairs, crockery, table linen, silverware, counters, and glass cases. Nevertheless, as to such articles of everyday use, which he had repeatedly bought, he must nec-

essarily have acquired some information as to their value. Up to a certain limit, he could testify quite accurately as to what they were worth. Indeed, given a description of the articles, and their condition of wear, and the jury might, without the aid of experts, have properly found that they were worth at least so much. The jury was most carefully instructed as to the weight to be given to Brizzolari's valuations, and upon the whole case it certainly seems that the property on the premises covered by the mortgage must have been worth very much more than $2,000. The judgment is affirmed.