## HUDSON *v.* COLUMBIAN TRANSFER CO.

1. WAREHOUSEMEN—BREACH OF CONTRACT—DAMAGE BY FIRE—INSURANCE.

   Defendant, a warehouseman, agreed to store plaintiff's goods in a certain building and the plaintiff had them insured as located in said building. The warehouseman, however, placed them in another building, where they were destroyed by fire. *Held,* in an action to recover their value, that it was immaterial whether or not they would have been damaged if stored in the building agreed upon.

2. CONTRACTS—INTERPRETATION—UNDERSTANDING.

   The meeting of minds, which is necessary to the formation of a contract, is determined by the expressed intentions of the parties, which may be wholly at variance with their secret intentions or understanding.

3. WAREHOUSEMEN—LIABILITY FOR LOSS OF GOODS.

   A warehouseman, who stores goods in a different building from that agreed upon, is liable to the owner in case of their loss by fire.

Error to Kent; Perkins, J. Submitted April 15, 1904. (Docket No. 46.) Decided July 16, 1904.

Assumpsit by Horace A. Hudson against the Columbian Transfer Company for the value of goods destroyed by fire while stored in defendant's warehouse. There was

judgment for plaintiff, and defendant brings error. Affirmed.

*Hatch & Wilson*, for appellant.

*Smedley & Corwin*, for appellee.

MONTGOMERY, J. This action is brought to recover the value of goods stored with the defendant as warehouseman, and destroyed by fire. The record contains 38 assignments of error, but, when the facts are stated as evidently found by the jury, the case lies within a narrow compass.

The parties are not quite agreed in their statement of the case, but an examination of the record convinces us that there was ample testimony tending to show that defendant, in March, 1901, contracted and used for storage the building known as 21 and 23 Campau street, in the city of Grand Rapids, and also controlled the fourth floor of an adjoining building, known as the Hopson-Haftencamp building.

In March, 1901, plaintiff made a contract to store the goods in question with defendant for hire, on the fourth floor of the building known as 21 and 23 Campau street. This statement is denied, but the question was submitted to the jury, and found in favor of the plaintiff. The plaintiff thereupon took out insurance on his goods as located in the building known as 21 and 23 Campau street, but whether this fact was communicated to the defendant is a matter of dispute; and, as this question was not submitted to the jury, the plaintiff's rights are to be determined upon the assumption that notice of the insurance was not given. The goods were taken from plaintiff's house, and were stored by defendant not in the building known as 21 and 23 Campau street, but in the Hopson-Haftencamp building, where, without negligence on the part of defendant, they were destroyed by fire. The circuit judge charged the jury that, if the contract was as claimed by plaintiff, he was entitled to recover, but that, if not satisfied by a

fair preponderance of evidence that such an agreement was made, there could be no recovery.

Complaint is made of the failure to present certain special questions to the jury. Two of these questions relate to whether the goods would have been damaged if they had been stored in the place agreed upon, and the probable extent of such damage. Clearly, if defendant is liable at all, the answers to these questions could not have affected the recovery, for, as to any damage which the goods would have sustained if stored in the place agreed upon, the plaintiff had secured indemnity by insurance, which was lost by defendant's breach of contract.

The other questions asked for the defendant's understanding of the agreement, and were preferred upon the theory that, as the minds of the parties must have met, the defendant's failure of understanding would answer plaintiff's claim of a contract. This is a fallacy. What is meant by "meeting of minds" is the agreement reached by the parties and expressed. As is well said in *Brewington* v. *Mesker*, 51 Mo. App. 348:

"The meeting of the minds which is essential to the formation of a contract is not determined by the secret intentions of the parties, but by their expressed intention, which may be wholly at variance with the former."

See, also, 9 Cyc. 244, 578; *Browne* v. *Hare*, 3 H. & N. 484.

The question, then, is whether, under the facts as found by the jury, the plaintiff was entitled to recover. We think this question should be answered in the affirmative. The theory of the plaintiff's case is that the defendant broke its contract of bailment, and subjected the property to a risk never contemplated by plaintiff, nor assumed or assented to by him. In such a case the rule is general that the bailee assumes the risk of the destruction of the property. The defendant was guilty of a technical conversion of plaintiff's property. See Lawson on Bailments, § 20; *Martin* v. *Cuthbertson*, 64 N. C. 328; *Lane* v.

*Cameron*, 38 Wis. 603. A case precisely in point is that of *Lilley* v. *Doubleday*, L. R. 7 Q. B. Div. 510, which case is cited with approval in *Bradley* v. *Cunningham*, 61 Conn. 485 (23 Atl. 932, 15 L. R. A. 679), and followed in *Line* v. *Mills*, 12 Ind. App. 100 (39 N. E. 870).

The other questions presented have been examined, but do not, we think, require further discussion. We discover no error in the case.

Judgment affirmed.

MOORE, C. J., CARPENTER and HOOKER, JJ., concurred. GRANT, J., did not sit.