### F. M. COOKE v. FOREMAN DERRICKSON VENEER COMPANY.

(Filed 22 September, 1915.)

**1. Bailment—Implied Liability—Negligence—Fraud—Contracts—Insurer.**

At common law a contract of bailment places by implication an undertaking upon the bailee to execute the bailment purposes with due care, skill and fidelity, or reasonable care in protecting and caring for the subject of bailment, which may be changed by special contract, making the bailee's responsibility that of an insurer, irrespective of negligence or fraud in the breach of the bailment contract.

**2. Same—Rent of Barge.**

Where a barge is rented under a contract that it will be returned to the owner in as good condition as when received, ordinary wear and tear excepted, and it appears that the barge was in condition to fulfill the requirements contemplated and that while in the bailee's possession and service it turned over in the water, delaying its return: *Held*, the bailee is liable for the rent thereof until its return to the owner, irrespective of the question of its negligence, the only available defense being the "act of God or the king's enemies."

APPEAL by defendants from *Shaw, J.*, at the June Special Term, 1915, of PASQUOTANK.

Civil action tried upon these issues:

1. Did the defendant hire the barge from the plaintiff, as alleged? Answer: "Yes."

2. Was the said barge, at the time of delivery to the defendant, in a proper condition to be used as contemplated by the parties? Answer: "Yes."

3. What amount is due for rent of barge? Answer: "$175, with interest from 13 April, 1914."

4. Was said barge injured by the negligence of the defendant while in its custody, as alleged? Answer: "No."

5. If so, what damage has the plaintiff sustained by reason of the same? Answer: "None."

The court rendered judgment for the plaintiffs, and defendants appealed.

*Thomas J. Markham, Aydlett & Simpson for plaintiff.*
*Ehringhaus & Small for defendant.*

BROWN, J. In *Roberts v. Lumber Co.*, 165 N. C., 4, it is held by a unanimous Court: "Where A enters into a contract with B for the

renting of a boat, wherein it is agreed that A will keep it in good repair and return it in good condition, and the boat is returned in a damaged condition, A is liable to B for damages arising from the breach of contract, irrespective of the question of negligence."

That case fully sustains the judgment rendered upon the issues. At common law bailment contracts are largely implied from the character of the transactions. From the delivery of a chattel in bailment the law implies an undertaking upon the part of the bailee to execute the bailment purpose with due care, skill and fidelity.

The bailee is liable for reasonable care in protecting and caring for the subject of the bailment. *Coggs v. Bernard,* 1 Smith Ldg. Cases, 7th Ed., 369.

The parties may, however, substitute a special contract for this contract implied by law. In such cases the express agreement determines the rights and liabilities arising from the bailment. The bailee may be relieved of all liability, or he may become an insurer. A bailee may thus become liable, irrespective of negligence or fraud for a breach of the bailment contract. Hale on Bailments, 28, and cases cited in notes; *Grady v. Schweinler,* 15 A. and E. Anno. 161.

This doctrine is first recognized in this State in *Martin v. Cuthbertson,* 64 N. C., 328; *Lane v. Cameron,* 38 Wis., 603; *Cullen v. Lord,* 39 Iowa, 302.

In line with this doctrine it is held in Massachusetts that a special promise or contract must be alleged where the ground of action is not the negligence of the bailee liable only for ordinary care. *Kingsley v. Bill,* 9 Mass., 198.

The doctrine in its most advanced form is thus referred to by the *Chief Justice* in *Clark v. Whitehurst,* at this term, in referring to the case of *Sawyer v. Wilkinson,* 166 N. C., 497:

"Though this decision is in accordance with the weight of authority, there are many cases which hold that even where the party holds under a contract of bailment, if there is a special contract to return the horse in good condition, and the horse dies in the bailee's possession, though without fault on his part, he is liable for its value as insurer."

It is stated in the record that the "defendant agreed to redeliver the barge in as good condition as when received, ordinary wear and tear excepted." Under such contract the defendant is liable for the return of the barge in as good condition as when received, unless prevented by the "act of God or the King's enemy," and is liable for the stipulated rent until returned.

If the barge had gone down in a storm or had been entirely destroyed without the fault or negligence of defendant, so the contract could not be performed, a different case would be presented from the one before us.

The plaintiff seeks to recover the rent for this barge while in the

possession of defendant. It was delivered to defendant in proper condition to be used as contemplated by the parties on 23 February, 1914, and returned on 13 April. The barge was loaded by defendant with "shook," and while so loaded and under the control and management of defendant, it capsized, turning away from the wharf at defendant's plant, on 24 February, 1914.

The barge remained in defendant's possession loaded with defendant's "shooks" until defendant raised it and unloaded it and returned it to plaintiff on 13 April. Under such conditions under the contract of bailment, the defendant is clearly liable for the stipulated rent irrespective of any negligence upon its part.

This case differs from *Sawyer v. Wilkerson, supra,* very materially. In that case the mule died without any fault or negligence upon the part of the bailee, and the animal could not be returned. *Actus Dei nemini facit injuriam.*

It also differs from *Seevers v. Gabel* and *McEvers v. Steamboat* cited in the opinion in that case. In those cases the property, the subject of the bailment, was entirely destroyed by fire in one case, and an ice floe in the other, without the fault of bailee and which no foresight on his part could have prevented.

In this case the barge was under the control of defendant, loaded and managed by him when it sank, turning away from its wharf. It contained defendant's cargo, and it was, therefore, necessary as well as the duty of defendant to raise it and retain it in its possession until the cargo was removed.

In the meantime, as the barge was under the control and management of defendant until returned to the owner, his Honor correctly held it liable for the rent.

No error.