## O'CONNOR v. SHAPIRO.

(Court of Appeals of District of Columbia. Submitted March 2, 1926. Decided June 1, 1926.)

No. 4344.

1. Evidence ⬤═▷462—Exclusion of evidence tending to show that a sales agency agreement given plaintiff, a real estate broker, was executed and accepted in settlement and satisfaction of a claim for breach of a prior contract for exchange of realty, held error.

In action for damages for alleged breach of contract to exchange realty, where defendant testified that, after failure of the exchange, to settle matters, he gave plaintiff, a real estate broker, a sales agency contract, which he put in evidence and which recited a considera-

tion of "$10 and other good and valuable consideration," it was error to exclude further evidence of conversations and letters between the parties, offered to prove that the sales agency contract was executed and accepted in settlement and satisfaction of plaintiff's claim, on theory that such evidence tended to alter the written agreement.

2. Evidence ⬤═▷419(11).

Amount and kind of consideration is not generally regarded as essential part of contract, and is open to explanation like a common receipt.

3. Appeal and error ⬤═▷744—Assignment of errors held not subject to motion to strike from record because not filed prior to settling and signing of bill of exceptions, as required by court rule (Rules of this Court, § 5, par. 9).

Assignment of errors held not subject to motion to strike from record, because not filed prior to settling and signing of bill of exceptions, as required by Rules of this Court, § 5, par. 9, where approved by appellee's attorney and by trial justice after settling of bill of exceptions.

Appeal from the Supreme Court of the District of Columbia.

Action by Jacob B. Shapiro against Mary V. O'Connor, executrix of the estate of Michael O'Connor, deceased. Judgment for plaintiff, and defendant appeals. Reversed, and cause remanded.

A. D. Esher and W. E. Leahy, both of Washington, D. C., for appellant.

Louis Ottenberg, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and BLAND, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. This action was begun by Jacob B. Shapiro, as plaintiff, against Michael O'Connor, as defendant, upon a claim for damages for an alleged breach of a certain real estate contract. A verdict for $2,000 in favor of the plaintiff was returned by the jury, and judgment was entered thereon, whereupon defendant appealed.

It appears that on February 24, 1923, the parties entered into a written contract providing for the exchange upon certain terms of an apartment house owned by defendant for a vacant lot owned by plaintiff. The contract was duly recorded in the land records of the District of Columbia. Defendant later claimed that plaintiff's agents had induced him to enter into the agreement by means of misrepresentations concerning the area of the lot available for building purposes, and he notified plaintiff that because of this fact his

wife refused to sign a deed to carry out the contract. He offered, however, to deliver a deed signed by himself alone, if that would be acceptable to plaintiff. The plaintiff in turn claimed that the dispute concerning the area of the lot had been settled by an increase in boot money provided by the contract, and refused to accept a deed unless signed by defendant's wife. The contract accordingly was never carried out, and plaintiff demanded damages because of defendant's alleged default.

Afterwards, to wit, on November 30, 1923, the parties entered into a written agreement whereby defendant gave to plaintiff, who was a real estate agent, the exclusive agency to sell defendant's said apartment house at any time from that date until January 5, 1924, at a price not less than $28,000, provided that, should a purchaser be secured at a price of $28,500, or more, plaintiff should receive, in addition to the usual real estate board commission, an additional sum of $500. The agreement also contained the following stipulation respecting the former contract existing between the parties, to wit:

"The agent, J. B. Shapiro, trading as aforesaid, agrees that he will execute and record among the land records of the District of Columbia, before the expiration of this agency, a release of the agreement for the trade of the herein mentioned apartment house for ground at the southeast corner of Georgia avenue and Emerson Street Northwest, this city, which trade agreement bears date February 24, 1923, and which was recorded as aforesaid by said agent on May 24, 1923."

No sale was ever made by plaintiff under this contract, nor was any release of the former agreement ever executed or recorded by him as thus stipulated.

Afterwards, to wit, on January 18, 1924, the parties signed another agreement, wherein they referred to the original exchange contract of February 24, 1923, and the fact that it had been entered of record in the land records of the District, and agreed to fully release and discharge the property of each from the force and effect of said recorded contract: Provided, nevertheless, that this should not be construed as affecting any personal liability, if any, of either of the parties to the other; the sole object and purpose "being to release the real estate aforesaid from the effect and operation occasioned by the recordation of the aforesaid contract as hereinbefore mentioned."

The plaintiff thereupon brought the present suit, claiming damages in the sum of $2,000, because of defendant's alleged breach of the original contract for the exchange of the properties. The defendant pleaded the alleged misrepresentations respecting the available area of plaintiff's lot, and averred furthermore that all differences between the parties growing out of the former transaction had been amicably compromised and settled by the execution of the agreement dated November 30, 1923, giving plaintiff the exclusive agency to sell defendant's said property. The plaintiff joined issue upon this plea.

At the trial each party introduced evidence in support of his claim respecting the alleged misrepresentation of the available area of plaintiff's lot. The sales agency contract of November 30, 1923, was then placed in evidence. Defendant next offered in evidence certain letters passing between the parties; also proof of conversations between them, prior to the date of that contract, tending to prove that it was executed and accepted as a settlement and satisfaction of plaintiff's claim for damages growing out of the former contract. This evidence was rejected by the court, upon the ground that it tended to vary the terms of the written sales agency contract; it being stated in the latter contract that the consideration thereof was "$10, and other good and valuable considerations, received and hereby acknowledged." This ruling and the charge to the jury are assigned as error.

[1, 2] We think the exclusion of the proffered evidence was error. The instant suit was not brought to enforce the agency contract, and does not involve any of its terms; nor has there ever been any disagreement between the parties concerning their respective rights and obligations under that contract. The evidence, therefore, was not offered to alter any of its terms, but to show a settlement and satisfaction of a former and different contract existing between the parties, in which settlement the execution and delivery of the latter contract served only as a consideration. If it be said that such proof would have the effect of explaining or enlarging the consideration recited in the agency contract, the answer is that it would not tend to prove a consideration inconsistent with that acknowledged therein, nor one which would alter the rights or obligations of the parties as defined thereby. The amount or kind of consideration is not in general regarded as an essential part of a contract, and is open to explanation like a common receipt. 10 R. C. L. p. 1042, § 236. It may be added that the

contract dated January 18, 1924, does not reflect upon this question.

[3] The appellee, before the hearing of this appeal, filed a motion to strike from the record the assignment of errors relied upon by the appellant, upon the ground that it was not filed prior to the settling and signing of the bill of exceptions by the trial justice, as required by paragraph 9 of section 5 of the rules of this court. It appears from the record, however, that the bill of exceptions was submitted to appellee's attorney, who thereupon approved it, apparently without reference to the filing or nonfiling of the assignment of errors. It was then presented to the trial justice, who allowed and signed it. The rule in question is designed to aid both the trial justice and the appellee in the preparation and settling of the bill of exceptions, but where the bill is submitted to the appellee, and approved by him, and is then settled and signed by the trial justice, all without reference to the delay in filing the assignment of errors, it is too late to raise the question for the first time in this court, when the case is here upon appeal.

The judgment of the lower court is reversed, with costs, and the cause is remanded for further proceedings not inconsistent herewith.