## FIDELITY & DEPOSIT CO. OF MARYLAND v. WHEELER.

Circuit Court of Appeals, Eighth Crcuit. September 27, 1929.

No. 8472.

Harley H. Stipp, of Des Moines, Iowa, (Eugene D. Perry, Robert J. Bannister, Vincent Starzinger, Fred A. Little, and Donald D. Holdoegel, all of Des Moines, Iowa, on the brief), for appellant.

William G. Harvison, of Des Moines, Iowa, for appellee.

Before KENYON and VAN VALKEN-BURGH, Circuit Judges, and MARTI-NEAU, District Judge.

MARTINEAU, District Judge. George Youngberg, operating as the Youngberg Construction Company, prior to the 12th day of July, 1924, was engaged, under various contracts, in the construction of roads, bridges, viaducts, and culverts in North and South Dakota. The Fidelity & Deposit Company of Maryland was surety on Youngberg's construction bonds, guaranteeing the performance of his contracts. Youngberg became financially embarassed, and a number of his creditors sued his surety, the plaintiff in this action. W. W. Wheeler, the defendant below, claimed to be the principal creditor of Youngberg. Plaintiff, the Fidelity & Deposit Company, asserted that Wheeler was in fact a partner of Youngberg operating as the Youngberg Construction Company, and that he, for that reason, was bound for the debts of Youngberg and to indemnify it against liability to Youngberg's creditors. Wheeler denied that he was a partner and that he was liable for Youngberg's debts. With matters in this condition, on July 12, 1924, for the purpose of settling their dispute the Fidelity & Deposit Company and W. W. Wheeler entered into the following contract:

"This Agreement Made and Entered into this 12th day of July, A. D. 1924, by and between W. W. Wheeler of Des Moines in the County of Polk, State of Iowa, party of the first part and hereinafter referred to as the Creditor, and the Fidelity and Deposit Company of Baltimore, of Baltimore, Maryland, party of the second part, and hereinafter referred to as the Surety.

"Whereas, the Creditor represents that one George E. Youngberg of Aberdeen in Brown County, South Dakota, has been engaged in a general road and bridge constructing business as a sole trader under the firm name and style of the Youngberg Construction Company, and that the creditor has become the principal creditor of said Youngberg, and

"Whereas, the said Youngberg Construction Company has obligated itself under numerous contracts to construct roads, bridges, viaducts, and culverts in the States of North and South Dakota, and

"Whereas the Surety has executed and become obligated as a Surety for the said Youngberg Construction Company on contractors bonds under said construction contracts, and

"Whereas, the said Youngberg Construction Company has become extensively involved financially and a large number of its creditors are making claims against the said Surety under the said contractors bonds, and the exact extent of the liability of said Surety to the creditors of the said Youngberg Construction Company is unknown and unliquidated, and

"Whereas, the Youngberg Construction Company has furnished the parties hereto with a report of its accounts payable, which list is marked Exhibit 'A,' attached hereto and by this reference made a part and portion of this agreement, and

"Whereas in order to further and protect his own financial interest the said creditor is desirous of undertaking to secure from all of the creditors of the said Youngberg Construction Company a release of all claims they may have or claim against the Surety.

"Now, Therefore, This Agreement Witnesseth: That for and in consideration of the covenants and stipulations hereinafter contained, to be performed by the Surety the

said creditor does hereby contract and agree that within ninety (90) days from the date hereof he will secure from all of the creditors of the Youngberg Construction Company, including those described in Exhibit 'A' full and absolute releases and acquittances of any claim or claims they may have of any kind or character whatsoever against the said Surety under any of the above mentioned contractors bonds heretofore executed by the said Surety on behalf of said Youngberg Construction Company, and that the said creditor covenants and agrees to save the said Surety harmless from any and all claim or expense including costs of suit and attorneys fees on any claim made under said bonds, whether said claim or claims are reported in Exhibit 'A' or not. It being the intention of the parties hereto to cover all claims known or unknown to the parties hereto.

"In consideration of the covenants and agreements hereinafter contained upon the part of the said creditors the said surety agrees that when the said creditor represents to Messrs. Williamson, Williamson & Smith, of Aberdeen, South Dakota, attorneys for said Surety, such releases and acquittances of claims described in exhibit 'A' with the signatures of said claimants properly witnessed and acknowledged, the said Surety will pay unto the said Creditor the full sum of Seventeen Hundred and Fifty Dollars.

"It is mutually understood and agreed between the parties hereto that the furnishing of such releases on the claims described in Exhibit 'A' and the making of the payment by the surety shall not terminate the liability of the creditor, but that the covenants hereof shall remain in full force and effect with reference to all claims of every kind and character that may be made under the above mentioned bonds.

"It is further understood and mutually agreed between the parties hereto that this agreement is made for the sole benefit of the parties hereto and that nothing herein contained shall be construed as a covenant for the benefit of third persons.

"It is further understood and agreed that the surety does hereby waive any and all claims it may have against the said George Youngberg, conditioned upon the performance of this agreement, and that the above payment of Seventeen Hundred Fifty Dollars, is to be made without the right of recourse of contribution from any person whatsoever.

"As a further consideration for this agreement the said creditor waives any claim he may have against the surety except the claim for the sum of seventeen hundred fifty dollars set forth herein."

Wheeler failed to secure releases as provided in the contract from all creditors of the Youngberg Construction Company; and, as a result of this failure, the Fidelity & Deposit Company was compelled to pay claims against the Youngberg Construction Company, which together with expenses incurred, amounted to more than $8,000.

■ This is a suit by the Fidelity & Deposit Company to recover the amounts paid as Youngberg's surety, less $1,750, alleging that the above contract between it and Wheeler was one which required Wheeler to hold it harmless on account of said claims. In its amended and substituted complaint the Fidelity & Deposit Company alleges that in addition to the considerations set out in the written contract between it and Wheeler, there was a further consideration that plaintiff would withhold suit against Wheeler as a partner of Youngberg. The defendant Wheeler filed a demurrer to plaintiff's original complaint, which was sustained, with leave to file an amended complaint. Within the time allowed plaintiff did file an amended and substituted complaint, to which a demurrer was sustained on May 31, 1928, giving plaintiff ten days within which to elect whether it would stand upon its demurrer or plead over. On June 8, 1928, it elected to stand upon its demurrer. On September 13, 1928, more than three months after plaintiff's formal election to stand upon its demurrer, a judgment was entered formally dismissing plaintiff's cause of action. From the judgment of dismissal an appeal has been properly lodged in this court within less than three months from the date of its rendition. The appellee insists that this appeal ought to be dismissed, because it was not filed within three months of the time when appellant elected to stand upon its demurrer, citing as a reason therefor a ruling of the Iowa Supreme Court. The Iowa law is not controlling in matters of this kind. The Conformity Act (28 USCA § 724) does not apply to proceedings on appeal in this court. Title 28, § 230, p. 896, U. S. Code (28 USCA § 230). This section provides for an appeal from a final judgment perfected within three months from its rendition.

■ The controversy must be determined upon its merits, and requires a consideration of the contract of July 12th. This contract, stripped of its nonessential parts, expresses an agreement upon the part of Wheeler to secure within 90 days from all creditors of the Youngberg Construction Company a com-

plete and absolute release of their claims against this plaintiff, and to hold it harmless from all claims and expenses arising on account of the execution of surety bonds by it for the Youngberg Construction Company, and in the final paragraph of the contract Wheeler waives any claim that he might have against the surety, other than $1,750. In consideration of this agreement upon the part of Wheeler, the plaintiff, the Fidelity & Deposit Company, agreed to pay him $1,750, and to waive all claims for reimbursement therefor against either Youngberg or any other person.

There is a definite promise upon the part of Wheeler to obtain these releases and hold the plaintiff harmless "from any and all claims or expenses, including costs of suit and attorney's fees on any claim made under said bonds." The agreement covers not only the known and listed claims, but unknown claims as well. It is made clear that the purpose and object of the contract was for Wheeler to take care of the Youngberg debts, in so far as plaintiff might be liable therefor. As a consideration for this agreement or promise of Wheeler the surety company was to pay him $1,750, and waive any claim that it might have therefor against Youngberg. The fact that the plaintiff was not required to pay the $1,750 until the releases were obtained does not release Wheeler from the performance of his part of the contract. His promise was positive and absolute, for which he was to receive a definite and certain consideration, the $1,750. The surety sustained a loss to that extent, for which it waived all right of recovery. Wheeler assumed all of the liabilities of a partner of Youngberg, so far as the surety was concerned, for the $1,750. He evidently regarded this as a sufficient consideration for his assuming that liability. The language used clearly and definitely expresses the purposes and objects of the contract. Wheeler was to obtain the releases, for which he was to be paid $1,750. The law is elementary that a promise is a sufficient consideration for another promise.

In addition to the consideration mentioned in the contract, plaintiff offers to prove by parol testimony that it agreed that no action would be commenced against the defendant as a partner of Youngberg Construction Company. The general rule providing that parol testimony may not be introduced to vary the terms of a written contract does not prevent proof by parol as to what the real consideration was. Plaintiff here may show by parol testimony, so long as it does not vary the legal effect of its contract, what the actual consideration was which induced Wheeler to enter into this contract. Cabrera v. American Colonial Bank, 214 U. S. 224, 232, 29 S. Ct. 623, 53 L. Ed. 974.

The case will be reversed, with directions to proceed in accordance with this opinion.