## BARRETT v. FREED.

### No. 145.

Municipal Court of Appeals for the District of Columbia.

Dec. 17, 1943.

Rehearing Denied Jan. 10, 1944.

W. B. O'Connell, of Washington, D. C. (Russell F. Barrett, of Washington, D. C., on the brief), for appellant.

C. Walter Harris, of Washington, D. C., (Francis X. McDonough, of Washington, D. C., on the brief), for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

HOOD, Associate Judge.

Mr. and Mrs. Freed placed certain household furniture and personal effects with Barrett for storage at an agreed monthly rate. A warehouse receipt was issued by Barrett in the name of Mrs. Freed alone. Mr. Freed obtained a policy of fire insurance covering the goods while in storage. Thereafter the Freeds were notified by Barrett that a part of the stored goods had been destroyed by fire. The action below was brought by the Freeds against Barrett and the insurance company for the value of the goods so destroyed.

[3] Fitch v. Stanton Township, 8 Cir., 190 F. 310, 314; Last Chance Mining Co. v. Tyler Mining Co., 157 U.S. 683, 15 S.Ct. 733, 39 L.Ed. 859.

The trial court directed a verdict for the insurance company, and also directed a verdict for Barrett as against Mr. Freed on the ground that the warehouse receipt was issued to Mrs. Freed alone. Mrs. Freed's claim against Barrett was submitted to the jury and resulted in a verdict in her favor for $450. From the judgment on that verdict Barrett appealed.

Appellant contends he was not liable for loss by fire because the warehouse receipt issued by him expressly disclaimed liability for such loss. Appellee contends that the provision limiting liability is not effective in the instant case because of the following circumstances. The warehouse receipt acknowledged receipt of the goods for storage in a warehouse located at "rear 618 Eye Street, N. W., Washington, D. C.," and contained this notice under the heading "Important": "Are your goods insured against fire? Read your policy and see that it covers the goods in the building in which they are stored." The insurance policy obtained by Mr. Freed insured the goods while stored in a two-story brick building, "situate rear 618 Eye Street, N. W., Washington, D. C., known as Barrett Transfer & Storage Warehouse," and limited protection to loss while the goods were stored there, and not elsewhere. The goods when originally placed for storage were left in Barrett's office in the rear of 618 Eye Street. Thereafter, according to Barrett, some of them were removed to a warehouse located on the opposite side of the alley, and later removed to a warehouse in the rear of 612 H Street, N. W. No notice was given to the Freeds of the removal of the goods to the last mentioned location and it was at this location that the fire occurred. Because the goods were destroyed at a place other than that described in the fire insurance policy the trial court directed a verdict in favor of the insurance company.

■ The question presented is whether the removal of the goods by Barrett to a place other than that specified in the warehouse receipt avoids the provision of the receipt that he assumed no responsibility for loss by fire. We think it is clear that the contract was for storage in the warehouse at the rear of 618 Eye Street, N. W. Otherwise, there would have been no occasion for specifying the location in the receipt.[1] One storing goods has a right to know where the goods shall be stored. Especially is this true where the warehouseman does not assume responsibility for loss by fire. The location and type of building affect the risk which the owner assumes. Furthermore, if the owner, to protect himself against loss from fire, obtains insurance, the policy may, as it did in this case, limit protection while the goods are stored at a particular place. Barrett, recognizing this, in his receipt advised the owner of the goods to see that the insurance policy "covers the goods in the building in which they are stored." Following this advice the policy was obtained on the goods stored in the rear of 618 Eye Street, and by reason of their removal to another warehouse the protection of the policy was lost. Can Barrett, notwithstanding his unauthorized removal of the goods, rely on a condition of his receipt limiting his liability? The relationship between the parties was that of bailor and bailee. The contract of bailment called for storage at a particular place and the bailee breached his contract by removing the goods to another place. It is well established that if a bailee without authority deviates from the contract as to the place of storage and a loss occurs, which would not have occurred had the property been kept at the agreed place, the bailee is liable for such loss, even though he is not negligent.

A leading English case on this question is Lilley v. Doubleday, L. R. 7 Q. B. Div. 510, where goods contracted to be stored at one place were moved by the bailee to another and destroyed by fire. Holding the bailee liable, the court said: "The defendant was entrusted with the goods for a particular purpose and to keep them in a particular place. He took them to another, and must be responsible for what took place there. The only exception I see to this general rule is where the destruction of the goods must take place as inevitably at one place as at the other. If a bailee elects to deal with the property entrusted to him in a way not authorized by the bailor, he takes upon himself the risks of so doing, except where the risk is independent of his acts and inherent in the property itself."

■ The rule laid down above has been generally accepted by the American au-

[1] The Uniform Warehouse Receipts Act requires that the receipt state the location of the warehouse where the goods are stored. Code 1940, § 28—1802.

thorities,[2] and we hold that when Barrett, without authority from or notice to the owner of the goods removed them from the place of storage specified in the warehouse receipt, he breached his contract of bailment and assumed the risk of the destruction of the property. Having agreed to keep the property at a specified place and having breached his contract in that respect, he cannot fall back upon another condition of his contract relieving him from liability.

Appellant further relies upon a condition of the warehouse receipt limiting his liability to $50 for each package and the contents thereof, and complains that a larger sum was allowed for a cedar chest and its contents. For the same reason that appellant cannot rely upon the condition of no liability on account of fire he cannot rely upon the condition limiting the amount of his liability. One cannot deliberately breach a provision of a contract and rely upon another provision of the contract in an action against him for such breach. In Fidelity Storage Co. v. Kingsbury, 65 App.D.C. 69, 79 F.2d 705, 706, speaking of a similar limitation in a warehouse receipt, the court said: "It is well settled that a bailee may limit his liability for goods deposited with him, except for gross negligence, willful act or fraud."

The removal of the goods from the designated place of storage was a willful act on the part of Barrett. Indeed, removal of the goods without notice to the owner, thereby causing him to lose the protection of his insurance, was gross negligence on the part of the warehouseman.

Appellant also assigns as error the trial court's instruction to the jury on the measure of damages. We have read the instruction and find it to be in accord with our decision in Smith's Transfer & Storage Co. v. Batigne, D.C.Mun.App., 34 A. 2d 705, wherein we said that the measure of damages for the loss of used household goods is not the cash or market value but the actual value to the owner. We find no error in the court's instruction.

Another assignment of error is the action of the trial court in directing a verdict in favor of the insurance company. Assuming the right of the appellant to raise this question, we hold that the action was correct. It is in accord with the universal rule that where a fire insurance policy covers goods only so long as they remain in a designated place, the insurer is not liable if the loss occurs elsewhere.[3]

The final assignment of error is that the court erred in refusing to instruct the jury that the defendant was not liable for the contents of the cedar chest. Appellant says his liability should have been limited to the value of the chest and that he was not responsible for its contents. We think that when a locked chest, obviously having contents, is deposited for storage, it is within the contemplation of the parties that the warehouseman shall be responsible not only for the chest itself but the contents as well. In the instant case, this is emphasized by the warehouse receipt undertaking to limit liability at $50 "for each and any piece or package and the contents thereof." Appellant argues that he would not have accepted the chest at the agreed rates had he been informed of the great amount of valuable articles contained in the chest. The answer to this is that had appellant complied with his contract and kept the goods stored at the designated place he would have been entitled to rely upon his $50 limitation. All appellant's trouble arises from failure to carry out his contract.

Affirmed.

[2] Scott-Mayer Commission Co. v. Merchants' Grocer Co., 147 Ark. 58, 226 S. W. 1060, 12 A.L.R. 1316; Hudson v. Columbian Transfer Co., 137 Mich. 255, 100 N.W. 402, 109 Am.St.Rep. 679; McCurdy v. Wallblom Furniture & Carpet Co., 94 Minn. 326, 102 N.W. 873, 3 Ann. Cas. 468; Tallahatchie Compress & Storage Co. v. Hartshorn, 125 Miss. 662, 88 So. 278, 17 A.L.R. 974; Mortimer v. Otto, 206 N.Y. 89, 99 N.E. 189, Ann.Cas. 1914A, 1121; Bush Terminal Co. v. Globe & Rutgers Fire Ins. Co., 182 App.Div. 748, 169 N.Y.S. 734; Thornton v. Daniel, Tex.Civ.App., 185 S.W. 585.

[3] Village of L'Anse v. Fire Ass'n of Philadelphia, 119 Mich. 427, 78 N.W. 465, 43 L.R.A. 838, 75 Am.St.Rep. 410; British America Assur. Co. v. Miller, 91 Tex. 414, 44 S.W. 60, 39 L.R.A. 545, 66 Am. St.Rep. 901; Rosenthal v. Insurance Co. of North America, 158 Wis. 550, 149 N. W. 155, L.R.A. 1915B, 361, Ann.Cas. 1916E, 395; 29 Am.Jur. Insurance, Sec. 669; 26 C.J., Fire Insurance, § 93. The rule is recognized by a number of the cases cited in Note 2.