## WALSH v. SCHAFER.

### No. 673.

Municipal Court of Appeals for the District of Columbia.

Oct. 20, 1948.

Rehearing Granted Nov. 1, 1948.

John H. Connaughton, of Washington, D. C., for appellant.

Douglas A. Clark, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Appellee sued appellant for the price of sheets, pillow cases and miscellaneous household furnishings and for gas and electricity, all used in connection with a rooming house and rooming house business purchased by appellant from appellee's two daughters. The suit was brought originally on an account stated, but the trial court, sitting without a jury, while finding that appellant had agreed to purchase and pay for the goods and services also found that the price of the goods had not been agreed upon and therefore gave judgment based upon fair value.

The principal issue between the parties was whether the goods and services on account of which suit was brought were included in the price paid by appellant for the real estate and rooming house business. Appellee urged that while the rooming house and business were owned by her two daughters and sold by them she owned separately the articles and services sued for and that appellant had agreed to pay her for them. Appellant, on the other hand, urged

that everything in the house was included in the purchase price which he paid to the daughters. The written sales contract by its terms included only the sale of the improved real estate for $16,500, but all parties agreed that this price included furniture in the premises as well as the rooming house business as a going concern.

We consider first a group of assignments of error dealing with the action of the trial court in sustaining objections to various questions asked of appellant by his counsel as to whether the consideration for the written contract for the sale of the real estate did not include the linens and other articles involved in this action. When these questions were asked, they were objected to on the ground that to permit them to be answered would vary the terms of a written agreement by parol. The trial court permitted the questions to be answered, but reserved its ruling on the admissibility of the replies. At the next session of the trial the court sustained the objections and ordered the answers stricken. This decision was erroneous because it is well recognized that the general rule providing that parol testimony may not be introduced to vary the terms of a written contract does not prevent proof by parol as to the real consideration for a contract.[1] We have concluded, however, that the exclusion of this evidence does not constitute reversible error in this case. The transcript of evidence, read as a whole, is replete with other testimony by appellant which was received in evidence to the effect that he considered that the purchase price designated in the contract as being for the real estate included all of the items involved in the present suit except $28 for gas and electricity.

Appellant next assigns as error the trial court's ruling that appellant would be bound by the testimony of appellee when she was called for cross-examination by appellant. This ruling was wrong. It was contrary to Municipal Court rule 39(a), based upon rule 43(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., providing

that: "A party may call an adverse party * * * and interrogate him by leading questions and contradict and impeach him in all respects as if he had been called by the adverse party, * * *." The trial court, however, recognized its own error and well before the conclusion of the trial announced its corrected ruling, and also announced that it would not treat the testimony of this witness as binding upon appellant. Appellant, therefore, was not prejudiced by the original ruling.

Another error assigned concerns the trial court's action in sustaining objections to offers of proof to the effect that appellant had purchased from appellee's daughters not only the improved real estate and the furniture but also a complete supply of bed linens, but that a portion of the linens had been removed and that as a result he had been forced to spend $75 for replacements. Such testimony was offered in support of a counterclaim included by appellant in his answer. This ruling also was erroneous. However, in this instance also the trial court, well before the conclusion of the trial, reversed its ruling and announced that it was taking the proffered testimony into consideration. It results that the original ruling does not constitute grounds for reversal.

Appellant also charges as error the reopening of the case by the court on its own motion after both sides had rested and the court had taken the case under advisement. In so reopening the case the court announced that it had decided that the items in controversy had not been included in the sale price of the real estate and that the parties had intended that separate payment was to be made for such items. The court also announced, however, that the proof did not sustain appellee's contention that the parties had agreed on the price to be paid for such items. The court concluded that "in order to prevent a miscarriage of justice" it was reopening the case and invited testimony as to the value of these items. Appellant concedes that the reopening of a case is within the sound discretion of a

[1] O'Connor v. Shapiro, 56 App.D.C. 351, 13 F.2d 957; Fidelity & Deposit Co. of Maryland v. Wheeler, 8 Cir., 34 F.2d 892; cf. Mitchell v. David, D.C.Mun.App., 51 A.2d 375.

trial court, but urges that since appellee had failed to prove damages the inviting of further testimony constituted reversible error. We do not agree with this contention. Appellee had testified that appellant had not only agreed to purchase the linens and other items separately but also that he had agreed to pay the amount sued for. Hence appellee was fully justified in closing her case, and the record would have sustained a finding by the trial court on an account stated in the full amount sued for. Since appellee's case had been pitched upon this theory, she had offered no evidence as to the value of the goods. The court found, based upon ample evidence, that appellant had agreed to purchase these items from appellee. Nevertheless, having concluded against the theory of an account stated, the court would have been compelled to find for appellant because of the lack of proof of value. In the opinion of the trial court this would have constituted a clear injustice. We agree with that opinion. In a similar case where the trial court took further evidence on the question of damages after the trial had been closed the United States Circuit Court of Appeals for the Third Circuit held that there had been no abuse of discretion on the part of the trial judge and added:

"We go further, however, and say that the court were (sic) fully justified in thus reopening the case. It was for the purpose of satisfying its own judgment and conscience as to the important question of damages, and there is no suggestion that injustice or injury was done the defendant by the exceeding care taken by the learned trial judge to arrive at a correct conclusion in this important matter."[2]

■ Another assignment of error made by appellant is that appellee was permitted to testify as to the value of the items involved without qualifying her as an expert. She was not, however, qualified as an expert, but as the owner of the goods. As to most of the items she testified that she had purchased them herself; as to others, such as curtains, she testified that she had made them, giving their approximate age and the price she had paid for the materials. She described the sheets and pillow cases by the name of the manufacturers and stated approximately when they were bought and also gave in detail their condition. She concluded by stating the value which she placed on each item. She had previously operated a rooming house and obviously was an experienced housewife. We believe that appellee's testimony was clearly competent. As stated by Wigmore: "The *owner of an article,* whether he is generally familiar with such values or not, ought certainly to be allowed to estimate its worth; the weight of his testimony (which often would be trifling) may be left to the jury; and Courts have usually made no objections to this policy."[3]

■ Appellant also complains that testimony regarding the value of these items given by witness Edelen was improperly admitted. The first objection to this testimony was that the witness was not qualified as an expert to testify on the value of the articles. We believe he was clearly qualified. He had been engaged in the business of auctioneering for six years and appraising for eighteen years and testified that he very regularly appraised household furnishings.

A more serious objection to this testimony was the manner of its presentation. Prior to the trial of the case appellant had resold the rooming house with all of its contents. In consequence the items involved were not available for inspection. The witness therefore stayed in the courtroom while appellee was describing the items. He was then asked his opinion, based upon what he had heard of appellee's testimony, as to the value, on the date of the transfer to appellant, of each of the items. With the exception of a few articles, this witness' valuations were higher than those given by appellee. It was upon

[2] J. W. Paxson Co. v. Board of Chosen Freeholders, 3 Cir., 201 F. 656, 662. See also Hart v. Bowen, 5 Cir., 86 F. 877, certiorari denied 171 U.S. 688, 18 S.Ct. 943.

[3] 3 Wigmore, Evidence (3d ed.) § 716; see also Gorman v. Park & Tilford, 2 Cir., 100 F. 553; Barrett v. Freed, D.C. Mun.App., 35 A.2d 180; Smith's Transfer & Storage Co. v. Batigne, D.C.Mun. App., 34 A.2d 705.

her valuation that the judgment of the court was obviously based.

■ The practice of eliciting expert testimony by having the experts listen to other witnesses and give an opinion based upon such evidence is not generally approved. However, it has been held harmless when the basic testimony is not in conflict, and the testimony is not voluminous nor complicated.[4] Here the expert heard the entire basic testimony pertinent to the question of value, and must have had a fairly clear picture of the personal property in question. Hypothetical questions containing the salient points of the previous witness' testimony are generally preferred to avoid confusion.[5] We have concluded that under the circumstances of this case the admission of this testimony was not error. In any event it was not prejudicial error because there was sufficient other evidence of value to support the judgment.[6]

■ The final two principal assignments of error have to do with the refusal of the trial court to call in a court-employed stenographer to report the case and also its refusal to make an order fixing the cost of the transcript of evidence made for the court by the private stenographer employed by appellant. Although the stenographic record before us does not show the circumstances under which the trial court refused to assign a court stenographer to report the case, it is apparently conceded that the trial court did so refuse without stating its reason. We have very recently had occasion to comment on such refusals, Premier Poultry Co. v. Wm. Bornstein & Son, Inc., D.C. Mun.App., 61 A.2d 632, and it is unnecessary for us to repeat what was there said, except to add that in the present case the court, after refusing to order an official reporter, requested that the stenographer employed by appellant write up the testimony for the court at the conclusion of two different sessions of the trial. While we can not approve such a practice, we can not hold it to be reversible error because, obviously, appellee was not a party to the court's action and should not be prejudiced thereby.

■ The other assignment of error under this heading has to do with the cost of the transcript of testimony. Municipal Court rule 68(a) provides that any reporter occupying a seat within the rail and taking notes of the proceedings shall be held to consent to such order as the court or any judge thereof may make concerning the furnishing of copies of a transcript of his notes both with respect to the parties to whom such copies shall be furnished and as to the compensation to be paid him therefor. When this trial was about half over and after the court had requested appellant to furnish the court with a transcript of the record up to that point, appellant's counsel requested that the court make an order under this rule. The court refused. Appellant complains that by reason of the court's action the reporter's bill totals $150 instead of approximately $93.50 which the transcript would have cost had an official reporter been called.

The amount which may be charged by official reporters has been fixed by the Municipal Court in rule 68(c), in accordance with an Act of Congress approved July 18, 1947. Such Act of Congress relating to the official court reporters provides that "No fee shall be charged or taxed for any copy of a transcript delivered to a judge at his request or for any copies of a transcript delivered to the clerk of the court for the records of the court."[7]

This incident illustrates the wisdom of having the court provide one of its own official reporters, whenever possible, particularly when it desires a copy of the transcript for its own use. In that event the copy for the court must be provided by the

[4] Dunagan v. Appalachian Power Co., 4 Cir., 33 F.2d 876, 68 A.L.R. 1393, certiorari denied 280 U.S. 606, 50 S.Ct. 152, 74 L.Ed. 649; 2 Wigmore, Evidence (3rd ed.) § 682; 32 C.J.S., Evidence § 554; Note 82 A.L.R. 1460.

[5] Dunagan v. Appalachian Power Co., supra; Southwest Metals Co. v. Gomez, 9 Cir., 4 F.2d 215, 39 A.L.R. 1416; 2 Wigmore, Evidence (3rd ed.) § 682; 32 C.J.S., Evidence, § 554.

[6] Barrett v. Fournial, 2 Cir., 21 F.2d 298.

[7] Pub.L.No.201, 80th Cong., 1st Sess., 61 Stat. 381, 382.

reporter without charge to the parties. While the rule of the Municipal Court permits the trial judge to make an order respecting outside stenographers concerning the furnishing of copies and the compensation to be paid therefor, the rule does not require the trial judge to make such an order, and no showing is made here that the court abused its discretion.

We think we should add, in view of the number of errors assigned by appellant, that we have examined the record critically with the thought that where several errors are found but each has not been deemed sufficiently serious to constitute reversible error, nevertheless in the aggregate they might lead to such a conclusion. We have decided that in general appellant was given a fair trial and that the evidence fully justified the judgment.

Affirmed.