## FIDELITY STORAGE CO. v. FOSTER.
### No. 5107.

Court of Appeals of District of Columbia.

Argued May 5, 1931.
Decided June 29, 1931.

M. M. Doyle and F. A. Thuee, both of Washington, D. C., for plaintiff in error.

May Thorpe Bigelow, of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

This case comes here by writ of error to the municipal court of the District of Columbia to review a judgment for the plaintiff below, defendant in error, in the sum of $410, with interest and costs.

The particulars of demand claimed $460, as the value of money and jewelry stolen from plaintiff's apartment in the Monmouth Hotel, as the result of defendant's alleged negligence in its custody of a duplicate key which it held as manager of the building.

The assignments of error dispute the finding of negligence by the trial court in support of its judgment; the application of the law of bailments to the controversy; and also present certain questions on the evidence as to the value of the articles stolen.

Plaintiff had for a long time prior to February 19, 1929, occupied an apartment on the eighth floor of the Monmouth Hotel, to which there were three keys, one of which was retained by the management for mutual convenience.

This key was, when not in use, kept with those of other tenants on a large wire ring on a nail under the counter of the office in the lobby.

On the day mentioned, plaintiff left her apartment about one o'clock, and, when she returned after four o'clock, found her door ajar, her dresser drawer open, its contents on the floor, and her jewelry box gone, which contained $130 in money, an antique brooch, a diamond pin, and a gold wedding ring, which jewelry had been the property of her deceased mother.

The key of her apartment that was kept in the office was found on the second floor of the building and returned to the office.

The court, to which the case was tried without a jury, found for the plaintiff as

claimed, except that the value of the brooch was fixed as $75 instead of $125.

■ In reaching this judgment, the court found a mutual bailment of the office key, and with this finding we agree.

■ While ordinary care is all that is required in cases of mutual bailment, 6 C. J. 1121, the court below found the corresponding degree of negligence.

■ Ordinary care means that degree of care, attention, or exertion, which, under the actual circumstances, a man of reasonable prudence and discretion would use in reference to the particular thing if it were his own property. 6 C. J. 1119; New York C. R. Co. v. Lockwood, 17 Wall. (84 U. S.) 383, 21 L. Ed. 627; Schermer v. Neurath, 54 Md. 497, 39 Am. Rep. 397.

The resident manager, as a witness for defendant, testified that she did not keep the key to her own apartment on the ring in the office because the employees knew she sometimes had as much as a thousand dollars in her apartment, and she did not want her key readily accessible to the employees because of the special temptation.

Nearly half that amount was stolen from plaintiff, who also had other things of value in her apartment.

■ This evidence of the manager tended to show one measure of care for the key of the owner of the building, or his representative, and a lesser measure of care for the keys of his tenants left in his custody, and, along with other evidence, fully justified the court in finding a lack of ordinary care in this bailment.

The questions of evidence presented by the record go to its weight rather than to its competency to prove the value of the lost jewelry.

This was antique jewelry, having no current market value, and plaintiff supplemented her testimony with opinion evidence of an expert witness.

■ The articles not having been recovered, this witness could testify only from a description of them and from a photograph of the plaintiff's grandmother taken while wearing the brooch.

This testimony appears to have been the best available under the circumstances, and the court, sitting as a jury, had the right as well as the duty to exercise its own judgment after receiving it. 17 C. J. 908.

We find no error, and the judgment is affirmed with costs.

Affirmed.