## YONAN RUG SERVICE, Inc. v. UNITED SERVICES AUTOMOBILE ASS'N.

### No. 862.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 10, 1949.

Decided Nov. 8, 1949.
Rehearing Denied Nov. 17, 1949.

---

15. Davis v. Ruzicka, 170 Md. 112, 183 A. 569, certiorari denied 298 U.S. 671, 56 S.Ct. 943, 80 L.Ed. 1394.

Thomas B. Scott, Washington, D. C., with whom Charles W. Mander, Washington, D. C., was on the brief, for appellant.

William E. Stewart, Jr., Washington, D. C., with whom Richard W. Galiher and William H. Clarke, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellee insurance company, as subrogee of Mrs. Carolyn Thach, brought suit against appellant, alleging that two rugs belonging to Mrs. Thach had been delivered to appellant for cleaning and storage, that appellant had failed to return them on demand, and that by reason of its contract of insurance appellee paid Mrs. Thach $800, and judgment for that amount was asked. Appellant answered denying the rugs had ever been delivered to or received by it. Trial by court without a jury resulted in judgment against appellant for $800.

■ Appellant contends that the evidence was insufficient to support a finding of a delivery of the rugs to it. The evidence on this point was conflicting. No receipt showing delivery of the rugs to appellant was produced and appellee conceded none had ever been obtained, but there was other evidence, not necessary to be stated here in detail, which in our opinion justified, but did not compel, a finding that delivery was made to appellant.

Appellant also urges that the evidence was not sufficient to support a finding that the rugs were of a value of $800. The only evidence as to value consisted of the testimony of Mrs. Thach. She testified that one of the rugs was woven especially for her in China in 1933, that it was 9 x 12, embossed in a three-tone tan color with a deep pile, and was in perfect condition. She did not recall what she paid for it. The second rug was described by Mrs. Thach as a very old Oriental, 4½ x 6½, which had been given to her by her mother. It was a Persian rug but she did not know its particular type. She said it was a beautiful little rug which had been in her uncle's collection, and she knew it was a fine Oriental because otherwise her uncle would not have owned it. She placed a value of $550 on the Chinese rug and $250 on the Oriental.

On cross-examination she stated she was not an expert on rugs, that before making her claim against the insurance company she called a rug dealer in New London, Connecticut, who had never seen the rugs but who dealt in Chinese and Oriental rugs, and explained to him the types of rugs and asked what he thought was a fair claim for the rugs, and her valuation was based on his advice. In a letter to the insurance company Mrs. Thach wrote that her local rug dealer said the Chinese rug was worth between $500 and $600 and that the Oriental could not be replaced for less than $250.

Mrs. Thach's testimony was taken by deposition and at the trial appellant moved to strike all her testimony concerning value because not made on any proper basis. This motion was denied.

■ The prevailing rule is that the owner of an article, whether or not he is generally familiar with the value of like articles, may testify as to his estimate of the value of his own property. Ownership, coupled with familiarity with the quality and condition of the article, is considered sufficient qualification for his testimony.

Lack of general knowledge of value goes to the weight of the testimony and not to its competency. Walsh v. Schafer, D.C. Mun.App., 61 A.2d 716, citing Wigmore, Evidence 3d Ed., § 716; Caten v. Salt City Movers & Storage Co., 2 Cir., 149 F.2d 428; Pennsylvania Threshermen & Farmers' Mut. Casualty Ins. Co. v. Messenger, 181 Md. 295, 29 A.2d 653. This rule has special application in cases of lost or destroyed household goods and wearing apparel where ordinarily the standard of market value is recognized as not furnishing adequate compensation and resort is had to the standard of actual value to the owner. Greyvan Lines v. Nesmith, D.C. Mun.App., 50 A.2d 434; Smith's Transfer & Storage Co. v. Batigne, D.C.Mun.App., 34 A.2d 705; McCormick, Damages, § 45.

▉ Accordingly we think Mrs. Thach as owner of the rugs was qualified to testify as to their value. However she did not testify as to her estimate of the value of the rugs. She frankly admitted that the valuation given by her, and on which she made her claim against the insurance company, was the valuation furnished her by the rug dealer in Connecticut. The effect of her testimony as to value, considered as a whole, is nothing more than repetition of what she had been told by the rug dealer. It was an attempt to introduce testimony of a supposed expert who was not present and therefore not subject to cross-examination. It was hearsay and inadmissible. Cf. Wigmore, Evidence (3d ed.), § 719. This was not a case of testimony of market value or replacement cost of an ordinary article regularly sold and readily replaced, the value or cost of which can be ascertained with reasonable certainty by inquiry from those selling identical or quite similar articles. In such a case one may, as a result of inquiry, state as a fact the selling price of an article. Here Mrs. Thach obtained only an opinion and the effect of her testimony was to introduce expert testimony without producing the expert. Such testimony should have been stricken.

It is unnecessary to consider the other assignments of error.

Reversed with instructions to grant a new trial.