John H. SAAH, Appellant,

v.

Rocco MUSSOLINO and Edith Mussolino,
Appellees.

No. 2178.

Municipal Court of Appeals for the
District of Columbia.

Argued June 9, 1958.

Decided Sept. 10, 1958.

Herman Miller, Washington, D. C., for appellant.

Arthur L. Willcher, Washington, D. C., with whom Morton Willcher, Washington, D. C., was on the brief, for appellees.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

After evicting appellees in a suit for possession, appellant brought this action seeking rent money alleged to be owing. Appellees resisted the suit and counter-claimed for the value of certain articles left on the premises which appellant supposedly refused to allow them to remove. At a preliminary proceeding both counsel stipulated that all rent due on the lease had been paid up to the date of eviction, and consequently appellant's claim was dis-

missed. The case then went to trial on the counterclaim.

According to the statement of proceedings and evidence, appellee Rocco Mussolino stated that on the morning of the eviction, he and appellant entered into an agreement whereby appellant purchased most of the fixtures and equipment located on the premises.[1] Excluded from the sale, according to Mr. Mussolino, were a neon sign and a bottle box, originally costing $385 and $650, respectively. The bottle box, however, had increased in value to approximately $800. Both items were in excellent condition and had been used very little.

Apparently the parties also agreed at the time of the sale that Mr. Mussolino could remove the sign and the bottle box from the premises. He testified, however, that later on when he went to remove the sign and the bottle box he was told that he could not remove them from the premises and if he attempted to do so, appellant would have him arrested for destroying private property and for coming upon his premises without right. He also testified that subsequently the bottle box disappeared from the premises; that appellant told him he did not know what had happened to it, did not care, and was not interested in whether he got his property or not. The trial court found for appellees in the sum of $700.

■ Judging from the allegations in the counterclaim, appellees' theory was that appellant, by refusing to permit them to remove the articles in question from the premises, had converted them to his own use. Appellant's chief contention on this appeal is that conversion was not proved because the statement in the record, that Mr. Mussolino "was told that he could not remove them from the premises," reads "in a passive voice,"[2] and consequently there was no evidence that it was appellant or his authorized agent who prevented appellees from obtaining their property. However, it does not appear to us that such a question was raised in the trial court. Appellees' brief is of no assistance to us in this regard, for it simply ignores the point entirely. Nonetheless, we cannot find in appellant's answer to the counterclaim, the pretrial statement of the case, appellant's motion for a new trial, or the statement of the alleged errors which he intended to rely on here, even the slightest suggestion that this point was an issue below.[3] In view of these facts we cannot allow an ambiguous sentence in the statement of proceedings and evidence to form the basis for a contention on appeal. In addition, it seems likely, even from this rather sketchy record, that appellant, as landlord of the premises, must have had some connection with the refusal to permit appellees to obtain their property.

■ The second assignment of error relates to damages. It is argued that because of the lack of expert testimony as to the market value of the converted items at the time of the taking the judge had no competent standard to guide him in assessing damages, and therefore the award must have been based on speculation. This same contention has been urged upon us on at least five different occasions and each time we have rejected it.[4] As we have indicated, the *owner* of the items converted,

---

1. Apparently the proceeds were used to pay the rent.

2. Appellant's brief, p. 8.

3. It may be noted that appellant was represented by other counsel at the trial of this case.

4. Shea v. Fridley, D.C.Mun.App.1956, 123 A.2d 358; Glennon v. Travelers Indemnity Co., D.C.Mun.App.1952, 91 A.2d 210, 37 A.L.R.2d 964; Manning v. Lamb, D.C.Mun.App.1952, 89 A.2d 882; Yonan Rug Service v. United Services Automobile Ass'n, D.C.Mun.App.1949, 69 A.2d 62; Walsh v. Schafer, D.C.Mun.App. 1948, 61 A.2d 716; see also the large number of cases collected in the annotation at 37 A.L.R.2d 967.

though not himself an expert, may estimate the value of his own property because of his familiarity with its quality and condition, and lack of general knowledge affects only the weight, not the admissibility, of his testimony. We think appellees' evidence here was competent and adequate to support the award.

The remaining assignment of error is without merit.

Affirmed.