**J & K MOVING AND STORAGE COMPANY, Inc., Appellant,**

v.

**Barbara WYATT, Appellee.**

No. 3452.

District of Columbia Court of Appeals.

Argued March 30, 1964.

Decided May 14, 1964.

Frank B. Tavenner, Washington, D. C., for appellant.

Abraham Dobkin, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge:

This is an appeal from a judgment awarding appellee $517.95 as compensatory damages for loss of goods stored with appellant. The trial court found a breach of the bailment contract and a failure by appellant to comply with the provisions of Code 1961, § 28–1927. Appellant contends (1) there was insufficient evidence of damages, and

(2) there was insufficient evidence to support a finding of noncompliance with Code. Section 28–1927.

■ At the trial appellee testified at length as to the articles allegedly lost. She prepared a list showing each item, its value to her, and the approximate length of ownership. The list consisted mainly of household articles and wearing apparel. She admitted, on cross-examination, that the values given were the original purchase prices. Appellant contends that her testimony was insufficient to support an award of damages.

■ This court has consistently held:

"* * * The prevailing rule is that the owner of an article, whether or not he is generally familiar with the value of like articles, may testify as to his estimate of the value of his own property. Ownership, coupled with familiarity with the quality and condition of the article, is considered sufficient qualification for his testimony. Lack of general knowledge goes to the weight of the testimony and not to its competency. This rule has special application in cases of lost or destroyed household goods and wearing apparel where ordinarily the standard of market value is recognized as not furnishing adequate compensation and resort is had to the standard of actual value to the owner." (Footnotes omitted.)[1]

Therefore appellee's testimony was sufficient evidence on which to predicate an award in her favor.[2]

■ Code Section 28–1927 outlines the manner in which a warehouseman's lien may be satisfied. It provides in part for notice, advertisement and sale of the goods. However, it also provides that the balance of the proceeds from such sale "shall be held by the warehouseman, and delivered on demand to the person to whom he would have been bound to deliver or justified in delivering the goods." In the case at bar, appellee testified that when she attempted to obtain her belongings, she was told they had been disposed of and at a good profit to appellant. Appellant's principal officer testified that the goods were disposed of but could not recall whether they were sent to auction or thrown away. He produced no evidence to show what had happened to the merchandise. We think this testimony was ample support for the finding that appellant had failed to account to appellee and thereby had failed to comply with Code Section 28–1927.

Affirmed.

1. Manning v. Lamb, D.C.Mun.App., 89 A. 2d 882, 884 (1952). See also, Saah v. Mussolino, D.C.Mun.App., 144 A.2d 541 (1958); Glennon v. Travelers Indemnity Co., D.C.Mun.App., 91 A.2d 210, 37 A. L.R.2d 964 (1952).

2. The actual sum awarded appellee was derived by taking a percentage of the price of each article according to its stated age.