Gertrude BURKA, Appellant,

v.

CRESTVIEW CORPORATION and Gerard M. Lavay, Appellees (two cases).

CRESTVIEW CORPORATION and Gerard M. Lavay, Appellants,

v.

Gertrude BURKA, Appellee.

Nos. 6903, 7287, 7418.

District of Columbia Court of Appeals.

Argued Jan. 22, 1974.

Decided July 2, 1974.

Benjamin D. Levine, Washington, D. C., with whom Hubert M. Schlosberg, Washington, D. C., was on the brief for appellant in Nos. 6903 and 7418 and appellee in No. 7287.

Joe M. Kyle, Silver Spring, Md., for appellees in Nos. 6903 and 7418 and appellants in No. 7287.

Before REILLY, Chief Judge, and FICKLING and GALLAGHER, Associate Judges.

PER CURIAM:

This is an action for breach of a contract in the sale of certain real property located in Chevy Chase, Maryland and it arises out of the following facts.

Mrs. Burka, a widow, decided to move from the family home in the District of Columbia to a home or apartment closer to that of her son. In time she became interested in a townhouse located on the northwest District of Columbia-Maryland boundary in a development known as Crest II. This development was under construction by the Crestview Corporation. In negotiating for the property Mrs. Burka dealt with that company's president, Mr. LaVay.

Concerned about the offering price ($85,000), since she was to be the first purchaser in the development, Mrs. Burka sought and received assurance from the seller that she would not pay more for the property than those who purchased subsequent to her in the development. This assurance took the form of the following clause in the contract of sale:

> In the event any unit of the Crest II is sold by the Seller for less than the purchase price herein, this contract shall be adjusted to reflect that same price.

In addition to the above, Mr. LaVay signed the contract in his individual as well as his corporate capacity.

Settlement took place on December 2, 1969, and at that time Mr. LaVay assured Mrs. Burka that he would abide by the contract and would inform her whether any unit sold for less than $85,000. At the time of settlement no other townhouses had been sold. The townhouses were then listed exclusively with a real estate agency for a period of six months at offering prices of $87,000 to $89,000. No townhouses were sold at these prices and the exclusive listing was terminated. Twelve units were subsequently sold for $79,500, three for $82,500 and one for $82,700.[1]

---

1. As is customary, the facts have been stated in the light most favorable to the party who prevailed with the jury. The facts most in dispute were (1) whether the clause at issue was inserted by plaintiff or defendant, (2) whether defendant signed the contract before or after plaintiff, (3) whether the clause was discussed at settlement, and

Mrs. Burka commenced suit in Superior Court for damages for failure of Crestview Corporation and Mr. LaVay to fulfill that part of the sales contract which promised that the contract price would be adjusted to reflect the same price as any sales for less than the $85,000 price at which she had contracted. The case was tried by a jury and a verdict was rendered against both the corporation and Mr. LaVay individually in the amount of $5,500.00 ($85,000 less $79,500 = $5,500).

After the jury's verdict the trial court granted judgment notwithstanding the verdict to the defendants on the ground that the jury, as a matter of law, must have had to speculate as to the amount of damages because the contractual provision was vague. Mrs. Bruka then filed a motion for reconsideration setting forth reasons why the jury need not have speculated on the issue of damages. This motion was granted and the jury verdict was reinstated as to the corporate defendant. As to Mr. LaVay, however, the motion was denied because the court found that Mr. LaVay had no individual interest in the townhouses on which he could contract and that there was a failure of consideration between him and Mrs. Burka.

On appeal there are three principal issues raised. Appellant Burka asserts it was error for the trial court not to reinstate the jury's verdict against Mr. LaVay, individually. Appellee LaVay now concedes this was error, however, so this issue need not be discussed further. The remaining relevant issues raised by cross-appellants LaVay and Crestview are whether the contract merged with the deed so as to extinguish plaintiff's rights thereunder and whether the jury was required to speculate as to damages.

(4) whether the clause was intended to survive the deed. LaVay and Crestview did not deem it necessary to include the trial court's instructions to the jury as part of the record

■ It is settled law in this jurisdiction that "[a]cceptance of the deed does not terminate any covenants or stipulations in the contract which are not in their nature satisfied by delivery of an instrument whose purpose is to transfer title to the property." Haviland v. Dawson, D.C.App., 210 A.2d 551, 554 (1965). The jury had before it the testimony of the parties as to their understanding of the contract provision sued upon. There was sufficient evidence for the jury to find that no merger was intended. Cross-appellee Burka's understanding of the contract prevailed and it is not the function of this court to set the jury's finding aside unless it was wrong as a matter of law. D.C.Code 1973, § 17–305(a).

■ As to damages, the jury had before it the contracts for sale of all the other townhouses in the development. Twelve were for the sum of $79,500, three were for $82,500 and one was for $82,700. The contracts reflect that "extras" were involved in respect to some of the sales. While the clause in question was not a model of precision, we think the jury had sufficient evidence before it to reach a reasonable determination on the amount of damages to be awarded under the contract. A party is not to be precluded from recovering damages merely because they cannot be proven with exactitude. R. S. Willard Co. v. Columbia Van Lines Moving and Storage Co., D.C.App., 253 A.2d 454 (1969).

On the basis of the foregoing the judgment of the trial court in favor of Mrs. Burka and against the Crestview Corporation is affirmed and the judgment of the trial court in favor of Mr. LaVay is reversed with directions to reinstate the verdict of the jury in favor of the plaintiff.

So ordered.

on appeal. We have therefore looked to the record to determine if there were sufficient facts to go to the jury on the theories asserted by plaintiff.