Carolyn JACKSON, t/a Jackson Realty Company, Appellant,

v.

L.A. HOLDER, Appellee.

No. 84–447.

District of Columbia Court of Appeals.

Submitted June 18, 1985.

Decided July 17, 1985.

Carolyn A. Jackson submitted a brief pro se.

James A. Price, Washington, D.C., was on the brief for appellee.

Before PRYOR, Chief Judge, and MACK, Associate Judge, and PAIR, Associate Judge, Retired.

PER CURIAM:

On appeal from a Small Claims Court award to appellee of $500 owed on an oral contract for plumbing services, appellant contends the trial court erred in concluding that appellee's work did not constitute "new work" and thus did not require a Master Plumbers License or a work permit.[1] We agree and therefore reverse.

The parties entered into a contract pursuant to which appellee was to perform plumbing and heating repairs on a home owned by appellant for an agreed upon cost of $950. After the work was completed, appellant paid appellee $450 of the amount due, but refused to pay the remaining balance. Appellee then filed the instant suit.

At trial appellant defended against the suit on the ground that appellee did not hold a required Master Plumbers License or permit when he performed the contracted-for work. The trial court rendered judgment for appellee, concluding that the work that appellee performed was "corrective work on old plumbing fixtures as opposed to installing new fixtures ... hence no permit was required."

A trial court's findings of fact will not be set aside unless they are clearly erroneous. *Cahn v. Antioch University*, 482 A.2d 120, 128 (D.C.1984); *e.g., Auxier v. Kraisel*, 466 A.2d 416, 417 (D.C.1983); *see* D.C.Code § 17–305(a) (1981); Super.Ct.

Civ.R. 52(a). We have reviewed the record in this case, including a recording made of trial proceedings, and are left "with the definite and firm conviction that a mistake has been committed." *Zenith Radio Corporation v. Hazeltine Research, Inc.*, 395 U.S. 100, 123, 89 S.Ct. 1562, 1576, 23 L.Ed.2d 129 (1968) (citations omitted); for while it is true that appellee's work served to "correct" defects in the existing system, this is not dispositive of the question of whether appellee could perform without a Master Plumbers License or a permit.

The D.C.Plumbing Code, 5C–2 DCRR § 115–1 (1972) (amended through 1981) defines plumbing as:

[A]ll work done and materials used (1) in introduction, *maintaining* and extending a supply *of water through a pipe or pipes,* or any appurtenance thereof, in any building lot, premises or establishment, whether from a public or private source of supply; (2) in connecting or *repairing* any system of drainage whereby foul, *waste* or surplus water, gas, vapor, or other *fluid is discharged or proposed to be discharged through a pipe or pipes* from any building, lot, premises, or establishment into any public or house sewer, drain, pit, box, filter bed, or other receptacle, or into any natural or artificial watercourse flowing through public or private property; ... (5) in performing all classes of work usually done by plumbers and drain layers including *the removal of plumbing fixtures, pipes,* and fittings, except as otherwise provided for in these regulations. [Emphasis added.]

Additionally, § 115–2 of the Code provides that:

These regulations shall be in force in the District of Columbia and all work done under any of the classes covered in Sec. 115–1, shall be done in accordance with the provisions herein specified, by a reg-

---

1. Appellant also contends that the court erred in concluding that appellee performed the job in a workmanlike manner. In view of our disposition of this case, we need not reach this question.

istered master plumber under a permit duly issued; Provided, That minor repairs *not involving any cutting into, plugging, extension or removal* of any sewer, soil, vent, *or water pipes,* not the removal or setting of any plumbing fixtures, may be done without permit [Emphasis added.] [2]

At trial appellee admitted that he was not a master plumber. It is likewise undisputed that he did not obtain a permit for the work he performed for appellee. He testified that he replaced a leaky waste pipe in the basement; moved one heating pipe in the basement; and replaced some leaky water lines leading up to the kitchen. He explained, however, that that work constituted minor repairs and thus did not require a Masters License. He stated that the work would have been classified as "new work," thus requiring the license, if it had entailed replacing the entire system rather than doing corrective work on the existing system.

■ Appellee's understanding of the licensing requirements, which was apparently adopted by the trial court, does not comport with the applicable regulations. It is clear that the work that appellee did was performed in "maintaining [or] extending a supply of water through a pipe or pipes ... and in ... connecting or repairing any system of drainage," *see* 5C–2 DCRR § 115–1, was plumbing requiring a Master Plumbers License. Moreover, it is also clear that this work was plumbing requiring a permit. Section 115–2 specifically excludes from the minor repairs classification any work involving "any cutting into, plugging ...

or removal of any ... water pipes." Appellant, by his own admission, replaced [a] leaky waste pipe and leaky water lines. We think it is safe to assume that before the pipe and lines could be replaced they had to be removed. Therefore, notwithstanding the fact that appellee did not replace the existing system, his work was not minor within the meaning of the applicable regulations.

■ Appellee, then, is not entitled to enforce his contract as " '[A] contract made in violation of a licensing statute that is designed to protect the public will usually be considered void and unenforceable....' " *Highpoint Townhouses, Inc. v. Rapp,* 423 A.2d 932, 935 (1980) (quoting *Truitt v. Miller,* 407 A.2d 1073, 1079 (1979)). As a consequence, appellee is not entitled to the judgment rendered below.[3]

*Reversed.*

---

2. *See also* the Model Plumbing Code for the Washington Metropolitan Area, 5C–1 DCRR § 105–2(3) (which is incorporated by reference into the District of Columbia Plumbing Code), which provides that:

Repairs involving only the working parts of a faucet or valve, the clearance of stoppage, or the replacement of defective faucets or valves may be made without a permit, provided that no changes are made in piping or fixtures.

3. Though the issue was not raised on appeal, we note here that while appellant may well have been aware of the fact that appellee did not hold the required license, that knowledge does not

put appellee in any better position. Though we are reluctant to see what may be properly termed "unjust enrichment," this court has consistently held that the party contracting to provide services without the necessary license will not be allowed to recover, even though a member of the class for whom the licensing law was designed to offer protection enters the contract knowing that services are to be rendered in the absence of a required license. *See, e.g., Highpoint Townhouses, Inc. v. Rapp, supra,* 423 A.2d at 936; *Truitt v. Miller, supra,* 407 A.2d at 1079–80; *Miller v. Peoples Contractors, Ltd.,* 257 A.2d 476, 478 (D.C.1969).